## L. M. HUFF vs. W. B. CLARK.

### SUPREME COURT, AUSTIN TERM, 1883.

*Homestead—Mechanic's Lien.*—In all cases where it is sought to fix a mechanic's lien upon the homestead, the contract must be in writing.

From Wilson County.

The appellee instituted suit at the December term, 1878, of the District court of Wilson county, against appellant to recover $134.80, for work and labor performed, and to foreclose a mechanic's lien upon certain premises set out in the petition of appellee. The contract as alleged in appellee's petition, was a parol contract. Appellees made out a claim of the indebtedness, certified and sworn to, which is attached to the petition. Appellant excepted to the sufficiency of the service of the claim, or account and return, general denial and special defense, denying any contract, verbal or otherwise, express or implied, or to pay any moneys whatever to appellee for the work and labor performed; also plea of offset and reconvention, and the further special plea that she, appellant, was a widow and head of a family, and that the property was her homestead, and that she never entered into any written agreement whereby a mechanic's lien was intended or created, and that the district court had no jurisdiction of the case, and also a sworn plea to the jurisdiction of the court, general and special exceptions.

The court overruled the appellant's pleas to the jurisdiction, general and special exceptions, and a jury was empanneled, and the cause went to trial at the June term, 1879. There was a verdict for appellee for $54.00, and a lien upon the described property, with the judgment of the court for the money, and a foreclosure of a lien upon the dwelling house of appellant, with fifty acres of land described in the decree.

A motion was made for a new trial, which was overruled. Appellant appeals to this court.

The assignments of error are as follows:—

1st. In overruling defendant's demurrer and pleas to the jurisdiction.

2d. In refusing charges asked by defendant.

3d. In allowing proof of the value of plaintiff's services as upon a *quantum meruit* over defendant's objections.

4th. In overruling defendant's motion for a new trial.

The motion for a new trial was upon the following grounds—

1st. Error in overruling defendant's demurrer and plea to the jurisdiction.

2d. In refusing charges asked by the defendant.

3d. Error in the charge of the court.

4th. Error in the charge, and permitting the jury to find a verdict upon a *quantum meruit*, the suit being upon a contract.

Opinion by Delaney, J.

Notwithstanding the vagueness of the assignments of error, two of them—the first and fourth—ought to be considered.

The first is, that the court erred in overruling the defendant's demurrer and pleas to the jurisdiction.

The demurrer was properly overruled.

The petition sets forth a good cause of action, and is sufficient upon general demurrer.

One of the pleas, which in the record is called a plea to the jurisdiction, states that the amount claimed by the plaintiff is below the jurisdiction of the court, and is within the jurisdiction of a justice of the peace, and that the claim of a mechanic's lien is fraudulently set up in order to fix the court's jurisdiction, when, in truth, the property improved was the homestead of the defendant; but it is not alleged in this plea that the defendant was the head of a family. The other plea, filed at the same time, does properly present the question of homestead, but it was not presented as a plea to the jurisdiction.

The defendant asked a charge upon the same point, which was refused, and these rulings are presented in a bill of exceptions. The court seems to have thought that the defendant's homestead was not exempt from the mechanic's lien claimed by the plaintiff, because she was not a married woman.

The constitution (Art. 16, Sec. 50) provides that "the homestead of a family shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, * * the taxes due thereon, or for work and material used in constructing improvements thereon, and, in this last case, only when the work and material are contracted for in writing with the consent of the wife, given in the same manner as is required in making a sale and conveyance of the homestead."

The act of August 7th, 1876, which is copied into the revised statutes, provides (Sec. 4) that "when lumber or material is furnished, labor performed, erection or repairs made upon a homestead, to fix a lien upon the same, it shall be the duty of persons, mechanics, artisans, lumber dealers, or laborers, who shall perform any labor or furnish any material upon or about the construction of any improvement or repairs upon a homestead, to make and enter into a contract in writing, setting forth the terms of said contract, which said contract in writing shall be signed by the husband and wife, and acknowledged by her as required in making a sale of the homestead."

(R. S. Art. 3174, Acts 1876, p. 91, Sec. 4.)

We construe these constitutional and statutory provisions to mean that in all cases where it is sought to fix a mechanic's lien upon the homestead the contract must be in writing.

This will be put beyond dispute by reference to Art. 2341 of the R. S., which is as follows:—

" The exemption of the homestead, provided for in this chapter, shall not apply where the debt is due, * * * * 3d.—For work and material used in constructing improvements thereon; but, in this last case, such work and material must have been contracted for in writing, and the consent of the wife, *if there be one*, must have been given in the same manner as is by law required in making a sale and conveyance of the homestead."

This disposes of the entire case, for as the contract relied on was verbal, no lien could attach to the property, and the lien set up in the petition was the sole ground of the jurisdiction. We need not, therefore, consider the remaining questions. The judgment should be reversed and the cause remanded.